# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 25 2017, 10:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Trevor Nash Tice, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | May 25, 2017 <br><br> Court of Appeals Case No. 15A05-1701-CR-171 <br><br> Appeal from the Dearborn Circuit Court <br><br> The Honorable James D. Humphrey, Judge <br><br> Trial Court Cause No. 15C01-1209-FB-45 |

**Pyle, Judge.**

# Statement of the Case

While on probation for child molesting as a Class B felony, Trevor Tice ("Tice"), violated the terms of his probation by stealing equipment from his employer. As a result of this violation, which Tice admitted, the trial court ordered him to serve his entire previously suspended sentence in the Department of Correction ("DOC"), with credit for time served. Tice argues that the trial court abused its discretion because Tice had a job and had enrolled in college. Finding no abuse of the trial court's discretion, we affirm.

We affirm.

# Issue

Whether the trial court abused its discretion when it ordered Tice to serve his entire previously suspended sentence after he violated probation by committing another crime.

# Facts

In 2013, a jury convicted Tice of Class B felony child molesting. The trial court sentenced him to the DOC for twelve (12) years, with five (5) years suspended and five (5) years on probation. In December 2015, Tice began to serve his probation. Three months later, in March 2016, Tice violated his probation by failing to report a change of address to the probation department. Tice admitted the violation, and the trial court revoked thirty days of his probation as a sanction.

[4]   In October 2016, Tice violated his probation a second time when he committed Level 6 felony theft by stealing a safe and two log splitters from his employer, Orsheln Farm and Home. The theft was captured on videotape, and Tice admitted the violation at his revocation hearing in December 2016.

[5]   Following the presentation of evidence at the revocation hearing, the trial court noted that Tice was on probation for a very serious conviction and that this was his second violation. The court further noted that Tice had received a "significant break in [the] original sentence, with having five years suspended to probation." (Tr. Vol. II at 27). The trial court also pointed out that Tice had already had one violation with only a thirty-day sanction. The trial court concluded the hearing by ordering Tice to serve his "entire previously suspended sentence of four (4) years and three hundred thirty-five days (335)." (Tr. Vol. II at 27). Tice appeals.

## Decision

[6]   Probation is a matter of grace and a conditional liberty that is a favor, not a right. *State v. Vanderkolk*, 32 N.E.3d 775, 777 (Ind. 2015). Once a trial court has exercised its grace in this regard, it has considerable leeway in deciding how to proceed when the conditions of placement are violated. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial courts might be less inclined to order probation. *Id.* Accordingly, a trial court's sentencing decision for a probation violation is reviewable for an abuse of discretion. *Id.* An abuse

of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances. *Id.* If a trial court finds that a person has violated his probation before termination of the probationary period, the court may order execution of all or part of the sentence that was suspended at the time of the initial sentencing. IND. CODE § 35-38-2-3.

[7] Here, Tice does not dispute the fact that he violated the terms of his probation. Rather, while acknowledging that "reversals on probation revocations are rare," Tice argues that the trial court abused its discretion by ordering him to serve his entire previously suspended sentence because he "had a job waiting and had enrolled in college." (Tice's Br. at 7). However, at the sentencing hearing, the trial court pointed out that Tice had received a "significant break" when he was sentenced to twelve years with five years suspended to probation for his Class B felony conviction. (Tr. Vol. II 27). The trial court also pointed out that Tice had already had one probation violation with only a 30-day sanction. The trial court's decision to deny Tice yet another chance is amply supported by the record and not clearly against the logic and effect of the facts and circumstances before the court. The trial court was well within its discretion when it ordered Tice to serve his entire previously suspended sentence.

[8] Affirmed.

May, J., and Brown, J., concur.